```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JESSICA WEYANT,                                               :
                                      Plaintiff,              :
                                                              :     17 Civ. 8230 (LGS)
              -against-                                       :
                                                              :     OPINION & ORDER
THE PHIA GROUP LLP, ET AL.,                                   :
                                                              :
                                      Defendants.             :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Jessica Weyant moves for leave to file a Third Amended Complaint in this action against Defendants Phia Group, LLC ("Phia") and INDECS Corporation ("INDECS") (collectively, "Defendants"), on behalf of herself and those similarly situated. The Proposed Third Amended Complaint (the "Proposed TAC") seeks to add the following causes of action to the one surviving claim of conversion: (i) money had and received; (ii) unjust enrichment and (iii) acting in concert. For the reasons discussed below, the motion is granted in part. Plaintiff is granted leave to amend the Second Amended Complaint to add a claim against Phia of unjust enrichment. The motion is denied as to the remaining claims in the Proposed TAC.

**I.     BACKGROUND**

Familiarity with the facts of this case is assumed. In short, Phia collected money from Plaintiff, as collection agent for INDECS, on behalf of the Orange-Ulster School Districts Health Plan (the "Plan"). The money was to reimburse the Plan for medical benefits paid to Plaintiff from the proceeds of a personal injury settlement. Phia remitted the money to INDECS, minus a fee of approximately $3,500, which Phia retained. INDECS forwarded the entire amount it received to the Plan.

It appears that Plaintiff has a claim that she should not have had to pay the money under the terms of the Plan and a New York statute, New York General Obligations Law ("GOL") § 5-335, and that she could have sought to recoup the money from the Plan. However, Plaintiff did not sue the Plan. The Court previously held that Defendants are not liable to repay Plaintiff based on the Plan or GOL § 5-335, and that the sole surviving claim against Defendants is conversion. Summary judgment was denied on the conversion claim because of issues of fact -- whether Plaintiff demanded return of the check, made payment voluntarily and, relatedly, whether Phia took Plaintiff's check in good faith and without notice of her claim.[1]

During a conference on August 26, 2021, the Court invited Plaintiff to file a motion to amend the Second Amended Complaint and submit briefing addressing (i) any additional causes of action Plaintiff might assert against Defendants based on the facts in the record and (ii) the applicability of GOL § 5-335 to Defendants under an agency or similar theory. Plaintiff filed the instant motion for leave to amend together with the Proposed TAC, which asserts four causes of action -- the existing claim for conversion, and three proposed new claims of money had and received, unjust enrichment and acting in concert to commit a tortious act pursuant to the Restatement (Second) of Torts, § 876 (1979). The Proposed TAC does not include a GOL § 5-335 claim against Defendants based on agency or otherwise.[2]

---

[1] Plaintiff brings this suit on behalf of a putative class of beneficiaries of school district health benefit plans who have claims similar to Plaintiff's. Although class certification has not been adjudicated, the issues of fact referenced in the text would seem to be an impediment to class certification on typicality and predominance grounds.

[2] Accordingly, this Opinion does not address Plaintiff's agency arguments, which seek only to ascribe § 5-335 liability to INDECS as a principal of Phia. But as the Court previously held, Phia is not directly liable under GOL § 5-335. *See Weyant v. Phia Grp. LLP*, No. 17 Civ. 8230, 2018 WL 4387557, at *5 (S.D.N.Y. Sept. 13, 2018) (holding that neither INDECS nor Phia is directly liable under § 5-335).

**II.     STANDARD**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]istrict courts may deny leave to amend 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Cohen v. Am. Airlines, Inc.*, 13 F.4th 240, 247 (2d Cir. 2021) (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014)). "A plaintiff need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its complaint." *Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825, 833 (2d Cir. 2019) (quoting *TechnoMarine SA*, 758 F.3d at 505).

**III.    DISCUSSION**

Plaintiff is granted leave to amend the Second Amended Complaint to add a claim of unjust enrichment against Phia. Phia is not prejudiced by the amendment because this new claim is substantially similar to the existing conversion claim; both claims are based on the same facts and discovery, and both claims raise the same individual factual issues that preclude summary judgment. *See Weyant v. Phia Group LLC*, No. 17 Civ. 8230, 2021 WL 3667714, at *2 (S.D.N.Y. Aug. 17, 2021). The unjust enrichment claim is not futile as discussed below. A benefit of adding the unjust enrichment claim is that it raises fewer legal complexities than the conversion claim, which were discussed in the most recent summary judgment opinion. *Id*. There is no benefit to adding the money had and received claim because in this case it essentially duplicates the unjust enrichment claim. The third proposed claim of acting in concert is futile because the Proposed TAC lacks any factual allegations that Phia and INDECS acted in concert.

A.      Quasi-Contract Claims – Unjust Enrichment and Money

Plaintiff is given leave to amend the Complaint to plead unjust enrichment against Phia. The Proposed TAC asserts quasi-contractual claims of unjust enrichment and money had and received. These claims share common elements. To plead a claim for unjust enrichment, a complaint must allege that "(1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Jetro Holdings, LLC v. MasterCard Int'l, Inc.*, 88 N.Y.S3d 193, 197 (2d Dep't 2018). "The essential elements of a cause of action for money had and received are (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money." *Id.* at 196-97. These two causes of action are substantially the same in this case. Accordingly, to avoid duplication and possible jury confusion, leave is granted to add only the unjust enrichment claim, and only against Phia.

The Proposed TAC sufficiently alleges unjust enrichment as to Phia -- that Phia was enriched at Plaintiff's expense by collecting and keeping a portion of Plaintiff's settlement proceeds, and that it is against equity and good conscience to allow Phia to keep the funds because Phia should not have collected them on behalf of the Plan and retained a collection fee, because the Plan was not entitled to them under GOL § 5-335 and the Plan.

The Proposed TAC does not allege a sufficient unjust enrichment claim by Plaintiff against INDECS, because there is no allegation that INDECS was enriched at Plaintiff's expense. The Proposed TAC alleges only that INDECS "wrongfully kept and maintain[ed] the monies which [it] received from its lien and repayment demands from *other* injured insureds' personal injury settlement recoveries." Plaintiff cannot in good faith allege that INDECS kept

4

Plaintiff's proceeds, as evidenced by the summary judgment submissions. *See Weyant*, 2021 WL 3667714, at *2 & n.2 ("Plaintiff disputes, but does not point to any evidence to rebut [the sworn statement of INDECS President that] INDECS forwarded . . . and has not retained any of the funds paid by [Plaintiff] . . . .") (alteration in original).

Defendants argue that an unjust enrichment claim would be futile because a quasi-contract claim can proceed only in the absence of an agreement governing the same subject matter; the Plan is an agreement that covers the same subject matter; Plaintiff's claim rests in part on Plaintiff's interpretation of the Plan's contractual terms; and a quasi-contractual claim of unjust enrichment is barred by the existence of the Plan. This argument is unpersuasive.

The general rule is that "[t]he existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi contract for events arising out of the same subject matter." *Gargano v. Morey*, 86 N.Y.S.3d 595, 599 (2d Dep't 2018). The rationale for this rule is that is that "[c]onsiderations of both justice and efficiency require that private transfers be made pursuant to contract whenever reasonably possible, and that the parties' own definition of their respective obligations—assuming the validity of their agreement by all pertinent tests—take precedence over the obligations that the law would impose in the absence of agreement." Restatement (Third) of Restitution and Unjust Enrichment, § 2, cmt. c.

The rule usually applies to bar claims between two parties who are signatories to a contract. *See, e.g., Quintanilla v. WW Int'l, Inc.*, No. 20 Civ. 6261, 2021 WL 2077935, at *14 (S.D.N.Y. May 24, 2021) (denying leave to amend to add unjust enrichment or money had and received claims where the plaintiff and defendant were parties to a contract that covered the subject matter of the claim).

The rule also has been applied to bar a signatory to a contract from asserting a quasi-contract claim against a non-signatory when the contract covers the same subject matter – i.e.,

5

where the plaintiff's rights and obligations are defined by a contract to which the plaintiff is a party. *See, e.g., JGB (Cayman) Newton, Ltd. v. Sellas Life Scis. Grp. Inc.*, No. 18 Civ. 3095, 2018 WL 5266877, at *14-15 (S.D.N.Y. Oct. 23, 2018) (dismissing unjust enrichment counterclaim against non-parties to the contract, where plaintiff was a party to the contract and also maintained a breach of contract claim against the counterparties to the contract); *Melcher v. Apollo Med. Fund Mgmt. LLC*, 959 N.Y.S.2d 133, 142 (1st Dep't 2013) (applying the principle that "there can be no quasi-contract claim against a third-party non-signatory to a contract that covers the subject matter of the claim") (quoting *Randall's Is. Aquatic Leisure, LLC v. City of New York*, 938 N.Y.S.2d 62, 63 (1st Dep't 2012)); *Bellino Schwartz Padob Advert., Inc. v. Solaris Mktg. Grp., Inc.*, 635 N.Y.S.2d 587, 588 (1st Dep't 1995). Defendants cite all three of these cases for the proposition that the unjust enrichment claim is futile. But these cases are distinguishable; they involve claims where the plaintiff is a party to a contract that defines his obligations and entitlements, and the plaintiff is suing a non-party and seeking to enlarge his contractual entitlements or diminish his contractual duties and in effect circumvent the contractual limitations to which he agreed. These cases reflect the sensible principle in the Restatement that the "parties' own definition of their respective obligations [should] take precedence . . . ." Restatement (Third) of Restitution and Unjust Enrichment, § 2, cmt. c.

That rationale does not apply here. Plaintiff is not seeking to supplant or supplement the terms of the Plan agreement to avoid her contractual commitments. Instead, Plaintiff is seeking to recoup monies collected and retained by the collection agent for the Plan, contrary to the terms of the Plan, where the collection agent is not a signatory to the Plan and cannot be sued for breach of contract. *See Weyant*, 2018 WL 4387557, at *6 (dismissing Plaintiff's breach of contract claim because Defendants are not parties to the Plan agreement). Other courts in similar

circumstances have permitted a plaintiff who is party to an agreement to assert an unjust enrichment claim against a non-signatory. *See TransPerfect Glob., Inc. v. Lionbridge Techs., Inc.*, No. 19 Civ. 3283, 2020 WL 1322872, at *9 (S.D.N.Y. Mar. 20, 2020) (applying New York law) (permitting a claim of unjust enrichment against the recipient of plaintiff's allegedly stolen trade secrets, despite the existence of a confidentiality agreement between the plaintiff and the party who allegedly stole the trade secrets and provided them to the non-signatory); *Lee v. Kylin Mgmt. LLC*, No. 17 Civ. 7249, 2019 WL 917097, at *2-3 (S.D.N.Y. Feb. 25, 2019) (applying New York law) (permitting a claim of unjust enrichment against the principal of plaintiff's former employer for receiving funds that allegedly should have been paid to plaintiff, despite an employment agreement between plaintiff and the employer).

Defendants argue that the Proposed TAC fails to plead adequately claims of unjust enrichment and money had and received because Defendants did not benefit from Plaintiff's payment of the funds at issue. In doing so, Defendants rely on this Court's previous statements regarding the Defendants' financial stake in the reimbursement payments they sought on behalf of the Plan. These statements were made in another context, and in any event, do not change the fact that Phia retained as a fee some of the proceeds from Plaintiff's payment.

Defendants argue that Plaintiff cannot establish that return of the funds to her is required by equity or principles of good conscience because the Plan was entitled to recover the funds based on the existence of available GEICO's NY no-fault coverage. This argument is inappropriate at this stage of the proceedings as it goes to the merits of Plaintiff's claims. Even assuming that the Plan permitted the recovery of settlement proceeds from Plaintiff, the Proposed TAC adequately pleads unjust enrichment against Phia based on GOL § 5-335.

### B.     Restatement (Second) of Torts § 876

The Proposed TAC alleges that Defendants are liable, pursuant to § 876 of the Restatement (Second) of Torts, for acting in concert to commit a tort, here by demanding repayment and securing money from personal injury settlement recoveries in violation of New York law.  This claim is futile primarily because the Proposed TAC is conclusory as to INDECS and contains no factual allegations of any conduct by INDECS to support the claim that Defendants were acting in concert.  "[L]iability [for acting in concert] rests upon the principle that all those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him or her." *Rodriguez v. City of New York*, 977 N.Y.S.2d 380, 381 (2d Dep't 2013) (internal quotation marks and alterations omitted); *accord Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, 577 F. App'x 58, 59 (2d Cir. 2014) (summary order) (applying New York law); *Rastelli v. Goodyear Tire & Rubber Co.*, 591 N.E.2d 222, 224 (N.Y. 1992).  The Proposed TAC fails to plead facts showing that INDECS did any of these things.  The Proposed TAC's allegations are completely conclusory, for example, alleging that INDECS "actively took part," "furthered," "aided and/or encouraged" and "ratified" Phia's conduct, without any facts to support the conclusion.  The Proposed TAC does not even allege that INDECS knew that Phia was demanding and collecting repayment from Plan beneficiaries of money they had received from personal injury settlements.

IV.     CONCLUSION

For the foregoing reasons, the motion for leave to amend is **GRANTED IN PART** and **DENIED IN PART**. By **January 7, 2022**, Plaintiff may file a Third Amended Complaint that makes no substantive changes except as necessary to add a cause of action against Defendant Phia for unjust enrichment. By **January 11, 2022**, the parties shall file a joint status letter with proposed next steps.

The Clerk of Court is respectfully directed to close the motion at Docket No. 126.

Dated: December 20, 2021
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**